**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 13 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

GERALD A. SNIDER,

      Defendant - Appellant.

No. 96-5133
(D.C. No. 95-CR-101-C)
(Northern District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **BALDOCK** and **LUCERO**, Circuit Judges.

---

This case is before us on direct criminal appeal.[1]  The defendant presents two issues for our consideration: 1) "Whether the district court erroneously calculated Dr. Snider's Specific Offense Characteristic under the Sentencing Guidelines by using a loss calculation which is not supported by the record evidence" and 2) "Whether the district court erroneously ordered Dr. Snider to pay restitution for amounts which are

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]Our jurisdiction is based on 28 U.S.C. § 1291.

attributable to losses caused by the acts of an alleged co-conspirator, which the government acknowledged were outside the scope of the charged conspiracy."

Regarding the first issue, the defendant failed to object to calculation of loss in the amended presentence report. Except for cases involving plain error, failure to object precludes appellate review. *United States v. Saucedo*, 950 F.2d 1508, 1511 (10th Cir. 1991). We have reviewed the record in its entirety and do not find plain error. Accordingly, *United States v. Saucedo* is dispositive of the first issue. Defendant having waived his right to challenge the calculation of loss, his requested relief is denied.

As to the second issue, regarding the amount of restitution, the government concedes that the restitution should have only been in the amount of $119,532. We agree. Review of the record corroborates the government's position and does not justify further reduction of the restitution award. We grant relief to the extent conceded by the government and remand to the district court for further proceedings consistent with this opinion. All other relief requested by defendant pursuant to this issue is denied.

The sentence is AFFIRMED. The matter is REMANDED to the district court for correction of the restitution order.[2]

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[2]The motion to expedite this appeal is denied as moot.